**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ANGEL TORRES | CRIMINAL ACTION NO. 03-355-02 |

**MEMORANDUM OPINION**

**Rufe, J.**                                                                                                                      **January 8, 2025**

Before the Court is Petitioner Angel Torres's Motion for Reduction in Sentence Pursuant to 18 U.S.C. § 3582. For the following reasons, the Court will deny Mr. Torres's Motion.

**I.**     **BACKGROUND**

    **A.**     **Factual Background**[1]

In December 2002 and January 2003, Mr. Torres committed ten armed robberies of bars, pizza shops, and supermarkets with his co-conspirator Jaime Valentin.

On February 10, 2005, Mr. Torres was indicted with one count of conspiracy to interfere with interstate commerce by robbery, in violation of 18 U.S.C. § 1951 (the Hobbs Act); ten counts of interference with interstate commerce by robbery, also in violation of the Hobbs Act; and ten counts of knowingly using and carrying a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c).[2] On February 23, 2005, a jury found Mr. Torres

---

[1] The Court has previously written thoroughly on the facts underlying Mr. Torres's conviction and sentence. *See, e.g.*, June 8, 2022 Order [Doc. No. 197] (Tucker, J.). The Court repeats here only those facts relevant to today's ruling.

[2] Second Superseding Indictment [Doc. No. 35].

guilty of all charges. His co-defendant, Valentin, cooperated with the government and testified at trial.

On November 29, 2005, Mr. Torres was sentenced to 262 years' imprisonment, a term of supervised release of five years, and restitution. The sentence included mandatory terms totaling 232 years on the ten 924(c) charges—seven years for the first, and consecutive terms of 25 years for each of the next nine. Further, the District Court considered Mr. Torres a career offender because of two previous drug trafficking crimes. The District Court imposed an additional 30 years to the mandatory term of 232 years given the nature of Mr. Torres's criminal conduct, producing the final sentence.

Mr. Torres is serving his sentence at USP Lee, has served approximately 21 years, and has credit for good conduct time of approximately 34 months, for total time served of approximately 24 years. He has also committed two disciplinary infractions: phone abuse in 2007 and assaulting without serious injury in 2009.

### B.     Procedural Background

On September 8, 2020, Mr. Torres filed his first pro se "Motion for Reduction in Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(1) and The First Step Act," seeking a reduction of his sentence for "stacked" violations of § 924(c).[3] The Court denied relief following the Third Circuit's decision in *United States v. Andrews*, 12 F.4th 255 (3d Cir. 2021), which held that a nonretroactive change in sentencing law is not a qualifying basis for compassionate release under § 3582(c)(1)(A)(i).[4]

---

[3] Doc. No. 182.

[4] Doc. No. 197 (Tucker, J.).

On August 25, 2022, Mr. Torres filed a Motion to Renew Compassionate Release Under 18 U.S.C. 3582(c)(1)(A), again focusing on the extreme length of his sentence.[5] Mr. Torres later filed a motion to withdraw that motion for compassionate relief on November 13, 2023, explaining that he wished to raise new claims relating to new changes in the Sentencing Commission's guidelines.[6] The Court granted this motion on November 28, 2023.[7]

Meanwhile, on November 27, 2023, Mr. Torres filed this *pro se* "Motion for Reduction in Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(1), and the First Step Act in Light of Changed Circumstances and Authority From the US Sentencing Commission," which is now before the Court.[8] Mr. Torres argues that a sentence reduction is warranted for four separate reasons: 1) that his "unusually long sentence" would not be imposed today; 2) the dangers to prisoners associated with the COVID-19 pandemic; 3) his rehabilitation; and 4) the disparity between his sentence and that of his co-defendant. None of these reasons present extraordinary and compelling circumstances warranting a sentencing reduction, and the Court will deny Mr. Torres's motion.

## II.  LEGAL STANDARD

"'A judgment of conviction that includes a sentence of imprisonment constitutes a final judgment' and may not be modified by a district court except in limited circumstances."[9] One such circumstance is set forth in 18 U.S.C. § 3582(c)(1)(A)(i), which is commonly known as the "compassionate release statute."[10]  The court may reduce a term of imprisonment "if 'extraordinary and compelling reasons warrant such a reduction' and the reduction is consistent

---

[5] Doc. No. 202.

[6] Doc. No. 211.

[7] Doc. No. 213.

[8] Doc. No. 212.

[9] *Dillon v. United States*, 560 U.S. 817, 824 (2010) (citing 18 U.S.C. § 3582(b)).

[10] *See United States v. Rutherford*, No. 23-1904, 120 F.4th 360, 364, 2024 WL 4645583 (3d Cir. 2024).

3

with both the [Sentencing] Commission's policy statements and the sentence factors set forth in 18 U.S.C. § 3553(a)."[11] The defendant bears the burden of showing that relief is warranted.[12]

### III. DISCUSSION

#### A. Mr. Torres Has Satisfied the Exhaustion Requirement

Under § 3582, as modified by the First Step Act of 2018, a prisoner may seek compassionate release either (1) "upon motion of the Director of the Bureau of Prisons;" or (2) "upon motion of the defendant," after (a) "the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf;" or (b) "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]"[13] Mr. Torres asserts that he submitted a request for a reduction in sentence to the warden of his facility on October 19, 2023, and that the BOP did not respond within 30 days.[14] The government does not challenge Mr. Torres's exhaustion of administrative relief on any of the issues asserted in his Motion. The Court is therefore satisfied that Mr. Torres has exhausted his administrative remedies and will consider the merits of his Motion.

#### B. Mr. Torres Has Not Demonstrated that Extraordinary and Compelling Reasons Warrant a Sentence Reduction

1. <u>The Change in Law Under U.S.C. § 924(c) Is Not an "Extraordinary and Compelling Reason" Warranting a Sentence Reduction</u>

Mr. Torres's primary argument is that his 262-year sentence is extraordinary and longer than necessary to achieve the goals of sentencing. He points to changes in the stacking provisions

---

[11] *Id.*.

[12] *See United States v. Sellers*, No. 10-434, 2020 WL 1972862, at *1 (D.N.J. Apr. 24, 2020); *United States v. Resnick*, 451 F. Supp. 3d 262, 266 (S.D.N.Y. 2020) (citing *United States v. Butler*, 970 F.2d 1017, 1026 (2d Cir. 1992); *United States v. Clarke*, No. 09-705, 2010 WL 4449443, at *1 (S.D.N.Y. Oct. 29, 2010)).

[13] 18 U.S.C. § 3582(c)(1)(A).

[14] Mot. at 25 [Doc. No. 212]; Mot., Ex. B [Doc. No. 212].

of § 924(c) that make it so that had he been sentenced today, his maximum sentence on ten 924(c) counts would be 70 years. Mr. Torres previously made this same argument in an earlier motion. The Court denied that earlier motion, applying *Andrews*, in which the Third Circuit held that a change in sentencing law that Congress expressly deemed non-retroactive was not an extraordinary and compelling reason for a sentence reduction.[15] Now, Mr. Torres argues that a recent amendment to the Sentencing Guidelines has essentially "overruled" *Andrews*, and he is thus eligible for a sentence reduction.[16] The amendment to the Guidelines adds the following provision:

> If a defendant received an usually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.[17]

The Third Circuit has now clarified that its conclusion in *Andrews* remains true despite the Guidelines amendment: "Congress explicitly made the First Step Act's change to § 924(c) *non*retroactive. . . . [W]e will 'not construe Congress's nonretroactivity directive as simultaneously creating an extraordinary and compelling reason for early release[,]' because '[s]uch an interpretation would sow conflict within the statute."[18] Thus, the modification of § 924(c) is not an extraordinary and compelling basis warranting compassionate release here.

---

[15] Order at n.1 (citing *United States v. Andrews*, 12 F.4th 255, 261 (3d Cir. 2021)) [Doc No. 197].

[16] Mot. at 4, 7-8 [Doc. No. 212].

[17] U.S. Sent'g Guidelines Manual § 1B1.13(b)(6) (Nov. 1, 2023).

[18] *Rutherford*, 120 F.4th at 376.

### 2. COVID-19 Does Not Establish an "Extraordinary and Compelling Reason" for a Sentence Reduction

Next, Mr. Torres argues that the COVID-19 pandemic presents dangers to prisoners that warrant a sentence reduction in case. Mr. Torres does not cite any medical condition that places him at risk of serious illness or death from COVID-19, and instead only presents his generalized concerns about the risks of COVID to prisoners.

Mr. Torres provides no specific medical circumstance that warrants a sentence reduction. The medical circumstances of the defendant can present an extraordinary and compelling reason for compassionate release when:

> (A) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end-of-life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>
> (B) The defendant is—
>     (i) suffering from a serious physical or medical condition,
>
>     (ii) suffering from a serious functional or cognitive impairment, or
>
>     (iii) experiencing deteriorating physical or mental health because of the aging process,
>
> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
>
> (C) The defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death.
>
> (D) The defendant presents the following circumstances—
>     (i) the defendant is housed at a correctional facility affected or at imminent risk of being affected by (I) an ongoing outbreak of infectious disease, or (II) an ongoing public health emergency declared by the appropriate federal, state, or local authority;
>
>     (ii) due to personal health risk factors and custodial status, the defendant is at increased risk of suffering severe medical complications or death as a

> result of exposure to the ongoing outbreak of infectious disease or the ongoing public health emergency described in clause (i); and
>
> (iii) such risk cannot be adequately mitigated in a timely manner.[19]

Mr. Torres is in generally good health. He is 55 years old, takes no medications, and has generally good vital statistics.[20] He is prediabetic.[21] He has received two doses of the Moderna COVID vaccine (in February and March 2021), and later had a confirmed case of COVID in January 2022.[22] He has received multiple other vaccines, although he did not receive a flu shot in 2022 and 2023.[23] He does not present a terminal illness—or any illness—or show that he is unable to provide self-care in the institution.

Mr. Torres's generalized concerns about COVID-19 in prisons do not establish an extraordinary and compelling reason. The Third Circuit recently explained that,

> "the mere existence of COVID-19 in society . . . cannot independently justify compassionate release[.]" It does not foreclose a possible claim of onerous conditions in the midst of a rampant pandemic, but such a claim is unlikely to succeed in the current state of milder infections and fewer hospitalizations and deaths.[24]

This conclusion is particularly appropriate now that effective vaccines have been developed (and Mr. Torres has received two doses), the national emergency has ended, and USP Lee, where Mr. Torres is housed, has never had a COVID-related death, and currently has zero inmates who are reported COVID-positive.[25] Courts in this Circuit have routinely rejected claims like Mr.

---

[19] U.S. Sent'g Guidelines Manual § 1B1.13(b).

[20] Govt. Opp'n to Def.'s Mot., Ex. A at 11-23 [Doc. No. 217]. Mr. Torres's medical records do not include his BMI. His weight is listed as 183 pounds. *Id.* at 15.

[21] *Id.* at 23.

[22] *Id.* at 25, 36.

[23] *See id.* at 24.

[24] *United States v. Stewart*, 86 F.4th 532, 536 (3d Cir. 2023) (internal quotations removed).

[25] *Inmate COVID-19 Data*, Fed. Bureau of Prisons, https://www.bop.gov/about/statistics/statistics_inmate_covid19.jsp#lastestCovidData [https://perma.cc/3T67-Y2MG] (Jan. 3, 2025).

Torres's.[26] Mr. Torres's generalized medical concerns do not constitute extraordinary and compelling reasons for his early release.

### 3. The Sentencing Disparity Between Mr. Torres's Sentence and His Co-Defendant's Does Not Warrant a Sentence Reduction

Mr. Torres also points to the disparity between his sentence and that of his co-defendant as an extraordinary and compelling reason to reduce his sentence. Mr. Torres's co-defendant, Mr. Valentin, was sentenced to 20 years and was released from custody in 2021.[27] However, Valentin cooperated with the government, testified at trial, and presented a number of mitigating factors based on his mental health history and disadvantaged background. He was not identically situated with Mr. Torres, and thus the disparity in their sentences is not grounds for a sentence reduction.

### 4. Mr. Torres's Asserted Rehabilitation Does Not Warrant a Sentence Reduction

Finally, Mr. Torres argues that his rehabilitation is an extraordinary and compelling reason warranting a sentence reduction. He points to the life skills trainings and rehabilitative programs he has completed and the various jobs he has worked while in prison.[28] While commendable, rehabilitation alone is not a basis for compassionate release.[29]

Nor does Mr. Torres's rehabilitation warrant compassionate release in conjunction with the above reasons he has offered. Section 1B1.13(b)(5) states that "extraordinary and compelling

---

[26] *See, e.g.*, *Garrett v. Murphy*, 17 F.4th 419, 433 (3d Cir. 2021); *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020); *United States v. Robinson*, No. 22-2324, 2022 WL 11005332, at *1 (3d Cir. Oct. 19, 2022); *United States v. Hernandez*, No. 13-200, 2022 WL 910091, at *5-6 (E.D. Pa. Mar. 28, 2022); *United States v. Gupton*, No. 20-436, 2022 WL 3448233, at *2 (E.D. Pa. Aug. 16, 2022); *United States v. Brunson*, No. 10-379, 2022 WL 3756198, at *5 (E.D. Pa. Aug. 30, 2022).

[27] Mot. at 21 [Doc. No. 212].

[28] Mot. at 14-15 [Doc. No. 212].

[29] 28 U.S.C. § 994(t).

reasons" warranting compassionate release may exist where "the defendant presents any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4)." Those paragraphs address truly extraordinary circumstances justifying early release; namely, terminal illnesses that diminish the defendant's ability to provide self-care; elderly inmates "experiencing a serious deterioration in physical or mental health because of the aging process;" extreme family difficulties, where the defendant's close family member or relation is incapacitated and the defendant is the only available caretaker; and defendants who have been physically or sexually abused in custody by a custodian.[30] Here, the defendant cites only his "extraordinary rehabilitation" and supportive family. These circumstances are not "similar in gravity" to those identified in Section 1B1.13(b)(5), and do not justify a sentence reduction.

### IV.  CONCLUSION

Mr. Torres has not come forward with any extraordinary and compelling reason for the reduction of his sentence. Accordingly, his Motion will be denied. An order will be entered.

---

[30] U.S. Sent'g Guidelines Manual § 1B1.13(b)(1)-(4).